EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

HONEYWELL, INC., Defendant.

No. 75 C 3923.

United States District Court, N. D. Illinois, E. D.

Jan. 28, 1977.

James A. Winstead, Equal Employment Opportunity Commission, Washington, D. C., James A. Burstein, Chicago, Ill., for plaintiff.

David A. Grabham, Honeywell, Inc., Minneapolis, Minn., for defendant.

MEMORANDUM OPINION AND ORDER

JOHN POWERS CROWLEY, District Judge.

Before the Court is a veritable plethora of discovery motions advanced by both parties in this action authorized and instituted pursuant to § 706(f)(1) and (3) and (g) and § 707(a), (c) and (e) of Title VII of the Civil Rights Act of 1964, as amended, 43 U.S.C. § 2000e, et seq. At the heart of each of these motions is the question of the breadth of discovery permitted in relation to the allegations of sex discrimination in the complaint filed against Honeywell by the EEOC. Therefore, we must first define the parameters of the employment practices at issue in this litigation before we can resolve each of the disputed discovery matters. Although this action against Honeywell was initiated by the EEOC, the background investigation was triggered by administrative charges of sex discrimination lodged with the Commission between 1970 and 1972 by a female hourly worker employed at the Honeywell facility in Arlington Heights, Illinois. Following its investigation, the EEOC issued a letter of determination, entered into conciliation negotiations with Honeywell, and finally brought the current action against the company.

In light of these circumstances where the EEOC has pursued a vigorous investigation and brought charges in its own name, the correct standard by which to determine the scope of actionable discovery is that ". . . the Commission may take the charge as a starting point and include in its deliberations all facts developed in the course of a reasonable investigation of that charge." *EEOC v. E. I. DuPont de Nemours and Co.*, 373 F.Supp. 1321, at 1335 (D.C.Del.1974). The Court further held that "The Commission need not confine itself to the particular symptom of discrimination identified by a charge if a reasonable investigation of that charge uncovers a root source of discrimination responsible for that and other violations of Title VII." *EEOC v. DuPont*, at 1336. In adopting this standard and applying it, the Fourth Circuit reasoned that:

If the EEOC uncovers during that investigation facts which support a charge of another discrimination than that of the filed charge, it is neither obliged to cast a blind eye over such discrimination nor to sever those facts and the discrimination so shown from the investigation in process and file a Commissioner's charge thereon, thereby beginning again a repetitive investigation of the same facts already developed in the ongoing investigation. . . . In other words, the original charge is sufficient to support action by the EEOC as well as a civil suit under the Act for *any discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge*, provided such discrimination was included in the reasonable cause determination of the EEOC and was followed by compliance with the conciliation procedures fixed in the Act. *EEOC v. General Electric Co.*, 532 F.2d 359, at 365–6 (4th Cir. 1976).

■ The EEOC contends that its administrative investigation and conciliation efforts concerned the existence of personnel policies and procedures which affect all female employees in the Arlington Heights plant, while Honeywell asserts that the complaint and discovery should be restricted to matters relating to women at the Arlington Heights facility in factory supervisory positions and hourly paid jobs covered by Honeywell's collective bargaining agreement with Local 114 of the United Electrical Radio and Machine Workers of America. We have carefully examined the letter of determination issued by the EEOC and the conciliation log compiled by the Commission during the course of the proceedings, as well as the affidavits of Honeywell personnel involved in the negotiations with the government. Nowhere can we find any indication that the discussions of alleged sex discrimination ever involved salaried female employees at the Arlington Heights plant or the former Honeywell locations in Chicago and Morton Grove. Therefore, since salaried employees were not the subject of informal conferences in which resolution of the alleged patterns of sex discrimination was attempted, the requisite nexus which would permit inclusion of salaried employees in the civil complaint has not been established. The scope of the complaint and discovery must thus be confined to females employed as hourly workers and in factory supervisory positions at Arlington Heights and the predecessor facilities in Chicago and Morton Grove.

■ However, the letter of determination does indicate that the investigation properly revealed possible harassment of those women filing charges with the EEOC and alleged discrimination not only in initial hiring and placement procedures as well as on the job training opportunities and compensation, but also in relation to disciplinary procedures and promotional policies and testing involved with advancement to salaried supervisory positions over the hourly employees in the work force. All of these matters have been previously brought to the attention of Honeywell, and thus are quite correctly included within the purview of the present civil complaint.

Rulings on the individual motions are as follows:

(1) Plaintiff's motion to compel production of documents is granted only to the extent that the documents called for are applicable to hourly employees and their supervisors at the Arlington Heights facility of Honeywell or the predecessor locations in Chicago or Morton Grove; all such relevant documents shall be produced, notwithstanding that they may presently be located outside the immediate confines of the Arlington Heights facility.

(2) Plaintiff's motion to compel more responsive answers to interrogatories and plaintiff's motion for leave to file more than 20 interrogatories are granted only to the extent that such interrogatories are directly concerned with the scope of the complaint outlined above. Interrogatories directed to the entire corporate operation of Honeywell are beyond the parameters of the current action. However, all computerized information on Arlington Heights employees shall be identified, regardless of where it is physically situated.

(3) Plaintiff's motion to compel more responsive answers at deposition is granted only in relation to matters and information directly within the scope of the complaint, concerning hourly workers and factory supervisors at Arlington Heights; no responses to inquiries concerning salaried employees shall be required.

(4) Defendant's motion for the protective order limiting deposition inquiry into matters relating solely to hourly workers and factory supervisory personnel at Arlington Heights is granted.

(5) Defendant's motion to compel more responsive answers to defendant's interrogatories 3 through 9 is denied.

(6) Plaintiff's request for inspection of the Arlington Heights facility is granted as to the factory facilities only; the second request for inspection of documents relating to hourly employees is granted; the third request for inspection of documents relating to salaried employees is denied; and the fourth request for inspection of documents and things is granted to the extent that they are within the defined field of discovery.